**In re George John ROMZEK d/b/a Rolling Acre Farms, Debtor.**

**Bankruptcy No. 85–09217.**

United States Bankruptcy Court, E.D. Michigan N.D.

July 15, 1985.

Kevin J. Kort, Baldwin, Mich., for debtor.

Clay E. Ottoni, Detroit, Mich., for Sanilac County Bank.

MEMORANDUM OPINION ON SANILAC COUNTY BANK'S MOTION FOR TRANSFER TO SOUTHERN DIVISION AT DETROIT

ARTHUR J. SPECTOR, Bankruptcy Judge.

George J. Romzek lives and farms in Sanilac County, Michigan. On May 1, 1985 he filed a voluntary petition for relief under Chapter 11 in the Northern Division of the Bankruptcy Court for the Eastern District of Michigan. Sanilac County is located in the Southern Division of the Eastern District of Michigan. 28 U.S.C. § 102. On May 22, 1985, Sanilac County Bank filed its Motion for Change of Venue. The debtor has opposed the motion.

The debtor acknowledges that the bankruptcy ought to have been originally in the Southern Division at Detroit. However, he argues that the case may nonetheless be retained here if it would be in the interest of justice to do so. Since the debtor and most of his creditors are located geographically closer to the courthouse for the Northern Division of the Eastern District of Michigan at Bay City than they are to the courthouse in Detroit, he argues that the convenience of the parties dictates that this Court retain the case here notwithstanding the original improper location of the filing.

While it is undoubted that under 28 U.S.C. § 1477, the bankruptcy court previously had the ability to do precisely what the debtor now requests, that section, which provided:

(a) The bankruptcy court of a district in which is filed a case or proceeding laying venue in the wrong division or district may, in the interest of justice and for the convenience of the parties, retain such case or proceeding, or may transfer, under section 1475 of this title, such case or proceeding to any other district or division.

(b) Nothing in this chapter shall impair the jurisdiction of a bankruptcy court of any matter involving a party who does not interpose timely and sufficient objection to the venue,

was repealed by the Bankruptcy Amendments and Federal Judgeship Act of 1984, P.L. 98–353, 98 Stat. 343 (1984). It was replaced by 28 U.S.C. § 1412, which provides: "Change of venue. A district court may transfer a case or proceeding title 11 to a district court for another district, in the interest of justice or for the convenience of the parties." Thus, intra-district retention of improperly filed cases no longer exists in statutory form as an explicit power of the court (be it bankruptcy court or, for that matter district court).

The debtor then relies on Bankruptcy Rule 1014(a)(2) which states:

Cases Filed in Improper District. If a petition is filed in an improper district, on timely motion of a party in interest and after hearing on notice to the petitioners

and to other persons as directed by the court, the case may be retained or transferred to any other district if the court determines that the retention or transfer is for the convenience of the parties and witnesses in the interest of justice. Notwithstanding the foregoing, if no objection is raised, the court may, without a hearing, retain a case filed in an improper district.

However, by its own terms, this rule applies only to cases filed in the wrong district. Here, the case was properly filed in the Eastern District of Michigan: venue is therefore proper; it is the division within the district which is improper.

The debtor then argues that if a bankruptcy court may retain a case filed in the wrong district, it should certainly have the lesser power to retain a case filed in the correct district, but merely in the incorrect division therein. *Quando licet id quod majus, videtur licere id quod minus.* As a matter of logic, this certainly is true. However, as an inferior unit of the district court, 28 U.S.C. § 151, the bankruptcy court's powers are limited to those granted by the district court. In matters relating to venue, we are bound by the Order of Reference (No. 84x0084 July 23, 1984), as limited by Rule 7 of the Local Rules of the United States District Court for the Eastern District of Michigan.

Local Rule 7a designates Detroit as the court location for cases originating in Sanilac County. Local Rule 7e states that pleadings will be accepted for filing at any administrative unit, but that thereafter, they will be transferred to the Clerk's Office in the appropriate location. Local Rule 7f provides that "a case improperly assigned to an Administrative Unit shall be transferred to the proper administrative unit." Pursuant to F.R.C.P. 83 and 28 U.S.C. § 2071, the district court is empowered to enact and implement local rules to the extent that they are not inconsistent with the Federal Rules of Civil Procedure, Acts of Congress, or rules of practice by the Supreme Court. *Williams v. United States District Court,* 658 F.2d

430, 435 (6th Cir.1981), *cert. denied* 454 U.S. 1128, 102 S.Ct. 980, 71 L.Ed.2d 116 (1982). "If the local rule is related to the management of the court's business and it is not inconsistent with a statute or other rule or the Constitution, then it is valid," *In re Sutter,* 543 F.2d 1030, 1037 (2d Cir. 1976), and the rule should be applied. This appears to be the case here, as Local Rule 7 is not in contravention of any of the laws of the United States, rules of the Supreme Court or any applicable rules of the Court of Appeals of the Sixth Judicial Circuit of the United States.

In the district court, the Clerk's Office has developed the following procedure to administer §§ 7e and 7f without court involvement: The intake clerk accepts the filing of the complaint even though it is filed at the wrong court location; then calls the intake clerk at the proper location, obtains the next sequential case number and judge assignment in the proper location; places that number and name on the original and all copies of the complaint and all ancillary papers; returns the copies, if any, to the party filing the papers, and mails the originals to the proper court location. Such a system has not been followed in the Bankruptcy Court's Clerk's Office; had it been used, this matter would never have arisen.

Therefore, Sanilac County Bank's motion is granted and, upon presentation of an appropriate order, this case will be transferred to the Southern Division of the Eastern District of Michigan Bankruptcy Court at Detroit for all further proceedings in this case. Once there, the debtor or any other party in interest may make a motion under Local Rule 7 f to transfer the case back to the Northern Division or to the Southern Division at Flint, "in the interest of justice". It is our opinion that such a motion must be made in the court at the proper location and not in the court of the improper location, else by subterfuge, 28 U.S.C. § 1477 would be resurrected.